IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| COALITION OF AMERICAN MANUFACTURERS OF MOBILE ACCESS EQUIPMENT,<br><br>      **Plaintiff,**<br><br>  v.<br><br>UNITED STATES,<br><br>      **Defendant.** | Before: Hon. _____<br><br>Court No. 26-00702 |

## COMPLAINT

Plaintiff, the Coalition of American Manufacturers of Mobile Access Equipment ("Plaintiff" or "Coalition"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff brings this Complaint to contest aspects of the final results issued by the U.S. Department of Commerce ("Commerce") in the administrative review covering the period January 1, 2022, through December 31, 2022, regarding the countervailing duty order on *Certain Mobile Access Equipment and Subassemblies from the People's Republic of China*. The final results were issued on December 15, 2025, and published in the *Federal Register* on December 19, 2025. *See Mobile Access Equipment and Subassemblies Thereof From the People's Republic of China,* 90 Fed. Reg. 59,492 (Dep't Commerce Dec. 19, 2025) (final results of countervailing duty admin rev.; 2022) ("*Final Results*") and accompanying Issues and Decision Memorandum ("Final I&D Memo").

Ct. No. 26-00702

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under sections 516A(a)(2)(A)(i)(I) and (B)(iii) of the Tariff Act of 1930, *as amended*. 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) & (B)(iii).

## STANDING

3. Plaintiff is an association of domestic mobile access equipment producers and therefore is an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(F). Plaintiff was the petitioner in the original investigation of this proceeding and participated in the administrative review that is the subject of this appeal. Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4. Plaintiff commenced this action by filing a Summons on January 16, 2025, which was within 30 days after the date of publication of the final results in the *Federal Register*. Summons (Jan. 16, 2025), ECF No. 1. Plaintiff is filing this Complaint within 30 days of filing the Summons. The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5. On February 8, 2024, Commerce published its notice of initiation of an administrative review of the countervailing duty order on *Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China* for the period of review from January 1, 2022, through December 31, 2022. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg.8,641 (Dep't Commerce Feb. 8, 2024).

6. Throughout the underlying administrative review, Commerce examined Zhejiang Dingli Machinery Co., Ltd. ("Dingli") as the lone mandatory respondent and, ultimately, the only Chinese producer or exporter subject to this review. *See Certain Mobile Access Equipment and Subassemblies Thereof From the People's Republic of China*, 90 Fed. Reg. 15,443 (Dep't Commerce Apr. 11, 2025) (prelim. results and partial rescission of antidumping duty admin. rev.; 2022) ("*Prelim Results*") and accompanying Preliminary Decision Memorandum at 2-3 ("Prelim Decision Memo"). Dingli filed its initial questionnaire responses between April 2024 and June 2024. Prelim Decision Memo at 2. Between August 2024 and December 2024, Dingli submitted supplemental questionnaire responses to Commerce. *Id*.

7. During the administrative review, the Coalition and Dingli made multiple submissions of benchmark information for Commerce to use in benchmarking subsidy programs concerning the provision of products for less than adequate remuneration ("LTAR") or more than adequate remuneration ("MTAR"). *See id.* at 3. In particular, the Coalition provided inland freight benchmark data from the World Bank's *Doing Business 2020 Report* for China to use in benchmarking inputs received by Dingli for LTAR. *Id.* at 25.

8. The Coalition also submitted new subsidy allegations on July 12, 2024, regarding five new subsidy programs, including the purchase of mobile access equipment for MTAR. *See id.* at 2. Commerce received no rebuttal comments and, on December 20, 2024, initiated investigations into all five programs. *See id.* at 2-3. In one of its benchmark submissions, for the Department's use in benchmarking the mobile access equipment for MTAR program, the Coalition provided price quotes for imports into China for mobile access equipment sold through major global online marketplaces. *Id.* at 25.

9. Commerce issued its preliminary results on April 7, 2025, which were published on April 11, 2025. *Prelim Results*, 90 Fed. Reg. at 15,443. Commerce preliminarily calculated a countervailing duty rate of 79.33% for Dingli. *Id.* at 15,444. In its preliminary calculations for the mobile access equipment for MTAR program, Commerce relied on Global Trade Atlas ("GTA") data for the Harmonized Schedule ("HS") subheadings provided in the scope of underlying order, (*i.e.*, 8427.10, 8427.20, 8427.90), and compared the per-unit resulting benchmark prices to the respondent's reported purchase per-unit price for individual transactions. Prelim Decision Memo at 25, 38. Commerce relied exclusively on data provided by the Coalition from "World Bank's Doing Business 2020 – Economy Profile of China" to value Dingli's inland freight expenses. *Id.* at 25.

10. Following the issuance of the preliminary results, parties filed case and rebuttal briefs in May 2025. Final I&D Memo at 2. The Coalition submitted a case brief identifying a number of issues for Commerce to address in reaching its final results. Letter from Wiley Rein LLP to Sec'y Commerce, re: *Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China: Case Brief* (May 9, 2025). The Coalition argued *inter alia* that Commerce should not rely on GTA data to construct its mobile access equipment for MTAR benchmark, but rather the global market price quotes reflecting prices available in China that were submitted by the Coalition. *See id.* at 3-10. In particular, the Coalition argued that Commerce should not exclude Chinese pricing data from its MTAR benchmark as this would necessarily understate the amount of the subsidy received by Dingli. *See id.*

11. The Coalition also filed a rebuttal brief responding to the arguments raised by Dingli in its case brief. Final I&D Memo at 2. Notably, the Coalition argued that Commerce should not use weight pricing based on weight for its mobile access equipment for MTAR

benchmark, as claimed by Dingli, explaining that the agency consistently uses per-unit pricing and that Dingli's preferred per-kilogram approach would not be more accurate or less distortive. *Id.* at 23-24. The Coalition also argued that Commerce should continue to benchmark Dingli's inland freight expenses using the domestic transportation cost data provided by Petitioner from the World Bank's *Doing Business 2020 Report*. *Id.* at 35. The Coalition explained that the respondents wrongly characterized Commerce as having an established practice of not benchmarking inland freight costs, even though Commerce's practice is mixed, and the agency has recently benchmarked inland freight costs using similar World Bank data. *Id.*

12. Commerce issued its final results on December 16, 2025, which were published on December 19, 2025. *Final Results*, 90 Fed. Reg. at 59,492. The agency made various changes to its final calculations, and Commerce responded to a number of the arguments raised by the Coalition and Dingli in their case and rebuttal briefs. *See* Final I&D Memo at 4-37 With respect to mobile access equipment for MTAR, Commerce rejected many of the arguments raised by the Coalition, declining to rely on the global price quotes submitted by the Coalition and changing its benchmark analysis to be on a per-kilogram basis as argued by Dingli. *See id.* at 22-25. Additionally, with regard to inland freight expenses, Commerce chose to rely on data submitted by Dingli to value the respondent's inland freight costs, instead of the World Bank data provided by the Coalition, which the agency had used previously in its preliminary calculations. *See id.* at 35-36. As a result of these and other findings, Commerce calculated a final countervailing duty rate of 32.26% for Dingli. *Final Results*, 90 Fed. Reg. at 59,493.

13. On December 29, 2025, the Coalition filed a ministerial error allegation, alleging a ministerial error related to Commerce's inland freight calculations. Memorandum from Mark Hoadley, Acting Director, Off. II, AD/CVD Operations to Scot Fullerton, Acting Deputy

Ct. No. 26-00702

Assistant Sec'y for AD/CVD Operations, re: *Countervailing Duty Administrative Review of Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China: Analysis of Ministerial Error Allegations; 2022* (Jan. 21, 2026) at 1. Commerce accepted the Coalition's allegation in its January 21, 2026 ministerial error memorandum. *Id.* at 2-3. As a result, on January 26, 2026, Commerce published amended final results in the *Federal Register*, establishing an amended final countervailing duty rate of 33.10% for Dingli. *Mobile Access Equipment and Subassemblies Thereof From the People's Republic of China*, 91 Fed. Reg. 3,121 (Dep't Commerce Jan. 26, 2026) (amended final results of countervailing duty admin. rev.; 2022).

## CLAIMS AND BASES FOR RELIEF

### Count I

14. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 13.

15. Commerce's determination not to rely on the Coalition's Chinese global market price quote data as part of its benchmark for the mobile access equipment for MTAR program is unsupported by substantial evidence and not in accordance with law.

### Count II

16. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15.

17. Commerce's determination to calculate its benchmark for the mobile access equipment for MTAR program on a weight (or per-kilogram) basis instead of a per-unit basis is unsupported by substantial evidence and not in accordance with law.

### Count III

18. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 17.

Ct. No. 26-00702

19. Commerce's determination not to rely on the World Bank data provided by the Coalition to benchmark inland freight costs is unsupported by substantial evidence and not in accordance with law.

## **REQUEST FOR JUDGMENT AND RELIEF**

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1) Hold that aspects of aspects of Commerce's final results in the aforementioned administrative review of the countervailing duty order on *Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China* are not supported by substantial record evidence and are otherwise not in accordance with law; and

2) Remand the final results to Commerce for disposition consistent with the Court's final opinion; and

3) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.
Theodore P. Brackemyre, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel for the Coalition of American Manufacturers of Mobile Access Equipment*

Dated: February 13, 2026

## **CERTIFICATE OF SERVICE**

PUBLIC SERVICE
*Coalition of American Manufacturers of Mobile Access Equipment v. United States*
**Court No. 26-702**

I certify that a copy of this public submission was served to the following parties, via certified mail, on February 13, 2026.

*/s/ Theodore P. Brackemyre*
Theodore P. Brackemyre, Esq.

Andrew T. Schutz, Esq.
**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Ave., NW
Suite 650
Washington, DC 20005

Mark Ludwikowski, Esq.
**Clark Hill PLC**
1001 Pennsylvania Ave., NW
Suite 1300 South
Washington, DC 20004

Matthew J. McConkey
**Mayer Brown, LLP**
1999 K Street, NW
Washington, DC 20006-1101

Attorney in Charge
**International Trade Field Office**
**Department of Justice, Civil Division**
Room 346, Third Floor
26 Federal Plaza
New York, NY 10278

Matthew R. Nicely, Esq.
**Akin Gump Strauss Hauer & Feld LLP**
2001 K Street, NW
Washington, DC 20006-1037

Yangfan Xie
**Embassy of the People's Republic of China**
Embassy of the Peoples Republic of China
Economic and Commercial Office
2133 Wisconsin Ave, NW
Washington, DC 20007

Supervising Attorney
**Civil Division – Commercial Litigation Branch**
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

General Counsel
**U.S. Department of Commerce**
14th Street and Constitution Ave., NW
Washington, DC 20230